IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-190-5 |
| | ) |
| BRANDON CAMPBELL-TAYLOR | ) |

**MEMORANDUM ORDER**

Presently before the court is Defendant Brandon Campbell-Taylor's Motion for Bond Pending Sentencing. ECF No. 1043. The Government opposes Defendant's motion. ECF No. 1050. For the reasons set forth below, Defendant's Motion will be denied.

Defendant is charged in Count 1 of the Superseding Indictment with conspiracy to distribute 1 kilogram or more of heroin, 280 grams or more of crack cocaine, 100 grams or more of acetyl fentanyl and valeyrl fentanyl, and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, from on or about September 2017 to on or about November 2019. ECF No. 33. On November 21, 2019, a detention hearing was held before Magistrate Judge Lisa Lupo Lenihan. ECF No. 154; and ECF No. 288, Tr. Detention Hearing, Nov. 21, 2019. After hearing evidence and argument, Magistrate Judge Lenihan ordered Defendant detained. Order of Detention Pending Trial, ECF No. 155. Judge Lenihan found that Defendant had not overcome the presumption of detention, and that by clear and convincing evidence that there were no conditions that would assure the safety of the community. Id. Magistrate Judge Lenihan's detention order was also based on the Defendant's prior criminal history, his participation in criminal activity while on probation, parole, or supervision, his history of substance abuse, lack of stable employment, his prior failure to appear, and his prior violations of conditions of probation, parole, or supervision. Id.

On February 26, 2020, after a de novo evidentiary hearing on Defendant's Appeal from Order of Detention and Motion for De Novo Hearing, the Court affirmed Magistrate Judge Lenihan's Order of Detention.  ECF Nos. 292, 318, & 319.  Then on June 4, 2020, following argument by counsel, the Court denied Defendant's Emergency Motion for Release Pending Resolution of Case in Light of COVID-19 Pandemic.  ECF Nos. 380, 418, & 419.

Turning to Defendant's present Motion for Bond Pending Sentencing, he argues that if he remains detained it "may well work an injustice in relation to the length of sentence he may receive."  Mot. for Bond, at ¶ 2.  On October 26, 2020, Defendant pleaded guilty to Count 1, which carries a mandatory minimum sentence of ten years.  Defendant has been detained since November 13, 2019.  Sentencing is currently set for October 11, 2022.  Thus, by the time of sentencing Defendant will have been detained one month short of three years.  The Court finds that detention pending sentencing, even if the sentencing date is continued, is not an injustice.  Mr. Campbell-Taylor's detention is warranted because of the serious nature of the conspiracy charge he plead guilty to, and because he would be a danger to the community if released.  Release of Mr. Campbell-Taylor on home detention or electronic monitoring is not warranted.

AND NOW, this 17th day of August, 2022, it is HEREBY ORDERED that Defendant's Motion for Release Pending Sentencing (ECF No. 1043) is DENIED.

:

_____
Marilyn J. Horan
United States District Judge

2