**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 19-190** |
| | ) | |
| **BRANDON CAMPBELL-TAYLOR** | ) | |

**Memorandum Opinion and Order**

Defendant Brandon Campbell-Taylor has filed a Motion for Early Termination of Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 1386. The government has filed a Response opposing the motion. ECF No. 1390. On October 26, 2020, Mr. Campbell-Taylor pleaded guilty to one count of Conspiracy to Distribute Heroin, Crack Cocaine, and Fentanyl in violation of 21 U.S.C. § 846. On December 20, 2022, he was sentenced to time served (37 months), to be followed by five years of supervised release. On April 9, 2025, Mr. Campbell-Taylor's term of supervised release was revoked, and he was sentenced to time served (approximately three months) to be followed by thirty-two months of supervised release. In addition to the terms of supervision already imposed, Mr. Campbell-Taylor was also required to abstain from alcohol, serve ninety days on home detention, serve 180 days of location monitoring with a curfew, and complete a Batterer Intervention Program

## I. Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when

determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), state that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination should be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

> (B) <u>Early Termination</u>. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

> solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Finally, although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53. Despite this "general rule," the Court has the discretion to terminate supervision early even in the absence of new circumstances. *Id*.

## II. Discussion

Mr. Campbell-Taylor argues that early termination of his supervised release is warranted because, since his revocation, he has complied with the conditions of his supervised release and has had no violations and he has maintained steady employment.

The United States Probation Office filed a "Report of Status of Person Under Supervision with Respect to Early Termination, Pursuant to Guide to Judiciary Policy, Vol.

8E, Ch. 3," that states that Mr. Campbell-Taylor meets the criteria for early termination. ECF No. 1388. The Report also states that Mr. Campbell-Taylor "has been on supervised release since April 5, 2025, and has had no violations. He has been in full compliance with the conditions of supervision. He has demonstrated the ability to lawfully self-manage beyond supervision." *Id.* at 3. In addition, the Probation Office filed a confidential Recommendation with Respect to Early Termination, recommending that early termination be granted. ECF No. 1389 (under seal). In opposition, the government argues that early termination of supervision is not warranted because of the seriousness of the offense, his prior violations of his supervision, and that he has only served 16 months of his current term of supervision (now 18 months).

The Court's standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Since April 5, 2025, Mr. Campbell-Taylor has been compliant with the terms of his supervision; however, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. In this case, however, since that date Mr. Campbell-Taylor's performance on supervision, as reported by the Probation Officer, has been excellent.
There is no doubt that Mr. Campbell-Taylor's offense of conviction is extremely serious, involving a large-scale illegal drug distribution conspiracy.

Following review of Mr. Campbell-Taylor's Motion, the government's Response, the Probation Officer's position, all relevant filings from Mr. Campbell-Taylor's criminal case, and Mr. Campbell-Taylor's conduct while on supervision, the Court concludes that early

termination of Mr. Campbell-Taylor's supervised release is warranted. In particular, the Court notes that the Probation Officer reports that Mr. Campbell-Taylor "has made significant progress on his new term of supervised release," he "has completed a battering intervention program," mental health treatment, his drug test have been negative, he has maintained employment, and has remained in contact with this supervisor. *Id.* at 1. After considering an individualized assessment, and after reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court concludes that terminating supervised release at this juncture is in the interests of justice.

Accordingly, the following Order is hereby entered.

AND NOW, this 26th day of October 2026, it is hereby ORDERED, that Brandon Campbell-Taylor's Motion for Early Termination of Supervised Release, ECF No. 1386, is GRANTED.

IT IS FURTHER ORDERED that Brandon Campbell-Taylor's term of supervised release is terminated.

__s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge